of New Rochelle, Westchester County, New York. ADOLPH LASUS, Appellant; WILLIAM M. HARDING and Others, Composing the Committee, etc., Respondents.— Order affirmed, with ten dollars costs and disbursements, on authority of *Matter of Curtin* v. *Denton* (183 App. Div. 312), decided herewith. Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ., concurred.

BRIDGETT T. CUNNINGHAM and RODGER CUNNINGHAM, Respondents, v. WILLIAM G. MULLIGAN, Appellant, Impleaded with Another.— Motion denied; except as to all papers printed in former record, to which reference by proper pages must be made in the present record, and a copy of such former record filed with the clerk. Present — Jenks, P. J., Thomas, Putnam and Blackmar, JJ.

In the Matter of the Application of WILLIAM R. BALLARD (Washington, D. C.) for Admission to the Bar.— Application granted. Present — Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ.

In the Matter of JAMES W. CARPENTER, an Attorney.— The stenographic minutes of the three days' hearing by the court on plaintiff's motion that affiants Berkery and Breen be produced are convincing that the court should have been told that at the meeting of August 15, 1914, Breen had asked Carpenter for $7,500. Charges of such inducements had been made in open court. But Carpenter's affidavit of January thirtieth left the impression that Breen had not asked for money reward, and stated that Breen said " he would rely entirely upon your deponent being fair with him." For this suppression the official referee has found against Carpenter. We confirm the report, and thereby express our disapproval of Carpenter's failure to make full disclosure in his affidavit of what Breen had demanded, for which Carpenter is hereby censured. We have not overlooked that Carpenter was an attorney of excellent record and standing; that he sought to serve the interests of his client alone; that he was a junior counsel, and that he acted in zeal for his client to ferret out what he thought was perjury or the danger of perjury. The wise and prudent course for an attorney who suspects the existence or the possibility of venal testimony in litigation is to lay the matter forthwith before the criminal authorities without enlistment under them or the proffer of financial aid from his client to them. He should abstain from activities on his own part that belong to the police, or the district attorney. Present — Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ.

In the Matter of ADDISON S. SANBORN, an Attorney.— Application denied, without costs. Present — Jenks, P. J., Thomas, Putnam, Blackmar and Kelly, JJ.

CORNELIUS H. POST, Appellant, v. ROYAL S. HAYNES, Respondent. WILLIAM GRABENAUER, Appellant, v. ROYAL S. HAYNES, Respondent. HARLEY BEALL, Appellant, v. ROYAL S. HAYNES, Respondent.— Motions granted, and time given until October 1, 1918, with permission to both sides to apply for further time if the circumstances require. Present — Jenks, P. J., Thomas, Putnam and Blackmar, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LENA BARNETT, Appel-